[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTIONS
The court has before it several motions:
1. Motion for modification of custody by the defendant for joint custody instead of sole.
2. Motion for contempt by the defendant against the plaintiff for failure to grant him overnight visits.
3. Motion to modify visitation also by the defendant to permit overnight visitation.
4. Motion for contempt by the plaintiff for the failure of the defendant to pay support as well as provide proof of life insurance and payment for medical and dental unreimbursed expenses.
5. Motion for modification to permit the plaintiff to take both children as dependents instead of just one as is presently the case.
The evidence established the following facts. The parties were divorced in April of 1986. There are two minor children issue of the marriage, Brooke, age 7, and Brian, age 11. Since the divorce there have been repeated problems in two areas, payment of child support and exercise of visitation.
The defendant was ordered to pay $125.00 a week in child support initially. This was later increased to $150.00 CT Page 9262 with $25.00 allocated to pay past due support. None of the defendant's motions seek to change the support order. However, it was clear that the defendant has not paid support in accordance with the order up to the date of his July 20, 1991, accident. At that time the amount due prior to the accident would appear to be $29,559.28.
The defendant offered no excuse for his failure to pay this amount and at the same time he remarried and took on the responsibility of another child and a household. Up until the time of the accident it is clear that while he was self-employed as a tile installer, there was no reason to prevent him from doing other kinds of work such as working in a grocery store or the like where jobs appear to be plentiful.
In addition, there was evidence to indicate that the defendant, on occasion, has given the children extravagant presents when he was not paying support; for example, a racing bike to his son and a fur coat to his daughter and portable T.V. sets to each of them.
Consequently, on the basis of the evidence, for his failure to pay the support prior to the July 20th accident, the court finds him in contempt. The penalty will be assessed after three months from date when the court will take into consideration the defendant's compliance with the support order as it presently exists during this period.
The court understands that the order entered at the close of the trial in this matter, that the defendant pay $2,000.00 by September 6th, has been complied with according to a message received from Attorney Reich. The court has no evidence as to whether, in the interim, support payments have been made. IF they have, they, too, will be taken into consideration at the time the court imposes a penalty for the contempt in which he has just been found.
The motion of the defendant for modification of the custody order is denied. The evidence established no reason for changing the custody. The defendant's erratic behavior and outbursts of temper as well as his irresponsible discussions with the children of the court proceedings and the financial matters between the parties are reason enough to suggest that joint custody would be a disaster for the children.
Nor does there appear to be any reason at the moment for ordering overnight visitation. However, day time visitation may be increased as follows:
1. Every other weekend from 9:00 a.m. to 6:00 p. m. on Saturday CT Page 9263 and on Sunday, also, with the defendant to pick up the children in a car registered to him and for which he has a valid driver's license. Both registration and driver's license are to be shown to the plaintiff at the time of the pickup or the plaintiff may refuse to allow the children to go with him.
2. One night each week from 4:00 p. m. to 8:00 p. m. with the defendant to pick up the children at school or wherever they may be and return them home by 8:00 p. m. The night to be chosen by the defendant but with 24 hours notice to the plaintiff.
3. In addition, the plaintiff is to inform the school and any doctors treating the children of the defendant's name, telephone number and address and ask them to provide him with any information he wishes in addition to any reports they may give the plaintiff. He is also to be allowed to obtain information from the school directly or from the doctors with respect to the children's programs and activities and their medical condition.
4. The defendant is also to provide proof to the plaintiff that he has life insurance as previously ordered. Failure to do so will be considered in determining the ultimate penalty for contempt.
5. The defendant is also to pay the unreimbursed medical and dental bills of the children, and his failure to do so will be considered in determining the penalty for contempt.
Consequently, the following motions are decided as follows in accordance with the orders hereinbefore enumerated:
1. Defendant's motion for contempt is denied.
2. Defendant's motion for modification of custody is denied.
3. Defendant's motion for overnight visitation is denied but modification of the visitation is granted in part as set forth above.
4. Plaintiff's motion for contempt is granted to the extent set forth above with the penalty therefor to be imposed on December 18 when the parties will be expected to return to court at 10:15 a.m.
5. Plaintiff's motion to have a bank check rather than a personal check is also granted as per the order of Judge Hauser of January 2, 1991. CT Page 9264
6. Defendant is also ordered to pay attorney's fees of $500.00 to plaintiff's attorney.
It is so ordered.
MARGARET C. DRISCOLL STATE TRIAL REFEREE